IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ZACH HILLESHEIM,

          Plaintiff,

vs.

SNA LLC,

          Defendant.

8:18CV562

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Zach Hillesheim's petition for attorney's fees and costs pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 54(d)(2), Filing No. 12. This case involves a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. Plaintiff brought the initial complaint against Defendant SNA LLC for failing to comply with the ADA by not maintaining a fully accessible facility for persons with disabilities. Defendant SNA LLC, pro se, submitted a hand-written answer to Plaintiff's complaint alleging they were without sufficient information to respond to the complaint and denied all allegations in the complaint. Filing No. 8. The Court ordered Defendant to obtain counsel as a limited liability corporation cannot litigate its action without representation by licensed counsel in this forum. Filing No. 8. Defendant did not obtain counsel as ordered. Therefore, an order of default judgment was entered against Defendant SNA LLC. Filing No. 10. An Order and Judgment was issued by this Court ordering Defendant SNA LLC to remedy its ADA violations. Filing No. 11. Plaintiff then submitted the petition for attorney's fees. Filing No. 12. The Court has carefully reviewed the filings, motions, exhibits, and the relevant case law. The Court will grant the Plaintiff reasonable attorney's fees and costs.

1

**STANDARD OF REVIEW**

The ADA provides for attorney's fees:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Childress v. Fox Assocs., LLC Childress*, 932 F.3d 1165, 1172 (8th Cir. 2019) (citing *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Federal courts use the lodestar method in determining reasonable attorney's fees, which multiplies the number of hours worked by the prevailing party's hourly rate. *Id.* (citing *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The requested rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armontrout*, 860 F.2d 1456, 1458-9 (8th Cir. 1988).

**DISCUSSION**

Plaintiff is clearly a prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) (discussing that a prevailing party is one who has received a judgment on the merits, making an award of attorney's fees appropriate).

Plaintiff requests $2,718.40 in total fees and costs as the prevailing party in this case. Filing No. 12. Plaintiff asserts they are the prevailing party because an injunction was entered against Defendant. Filing No. 12 at 2. The total amount requested includes $2,300 for legal fees plus $418.40 in filing fees and postage. Id. at 1, 7. Plaintiff's counsel asserts his standard hourly rate of $350 is reasonable in this case. Id. at 4. Plaintiff argues that the hourly rate is reasonable because it is "well within the range of rates charged by other attorneys in similar cases, especially given inflation since some of the cases were decided." Id. at 4. Plaintiff asserts that by using an out of town attorney, the case was able to progress more quickly. Hired counsel was already familiar with Plaintiff's disability and practices almost exclusively in ADA compliance, which taken together, reduces the amount of time needed to complete each aspect of the case. Id. at 5-6. Plaintiff also argues that requested attorney fees have been deemed reasonable in another fee petition in Nebraska for similar work. Id. at 6 (citing *Hillesheim v. Parlour* 8:18CV388 (D. Neb. June 20, 2019)).

The Court has reviewed the Plaintiff's petition and has considered the hours expended, the hourly rate charged, the expertise of counsel in ADA matters, the result, and finds the amount requested by the plaintiff is reasonable.

THEREFORE, IT IS ORDERED that Plaintiff's motion for attorney fees and costs, Filing No. 12, is granted. Plaintiff is awarded $2,300 in attorney fees and $418.40 in costs.

Dated this 6th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge